IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 07 CR 217 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| ) | |
| PATRICK DEL MONICO, ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Withdraw his Guilty Plea. (Docket No. 79.) For the reasons stated below, the motion is denied.

## BACKGROUND

The indictment in this case charged Defendant with mail fraud in violation of 18 U.S.C. § 1341 (Counts 1-3, 9-15); interstate transportation of a stolen check in violation of 18 U.S.C. § 2314 (Counts 4-5); wire fraud in violation of 18 U.S.C. § 1341 (Counts 6-8); bankruptcy fraud in violation of 18 U.S.C. § 157 (Count 16) and § 152 (Counts 17, 18, 20); and obstructing a bankruptcy proceeding in violation of 18 U.S.C. § 1519 (Count 19).

On February 14, 2008, pursuant to a written plea agreement, Defendant pled guilty to Counts 1, 6, 11 and 16 of the indictment. Count 1 charged Defendant with devising and participating in a scheme to defraud his employer, Indeck Power Equipment Co., in violation of 18 U.S.C. § 1341; Count 6 charged him with devising and participating in a scheme to defraud the United States, Department of Defense and Air Force, in violation of 18 U.S.C. § 1341; Count 11 charged Defendant with devising a

1

scheme to defraud his employer, Demar Logistics, Inc., in violation of 18 U.S.C. § 1341; and Count 16 charged Defendant with devising and participating in a scheme to defraud his creditors and the U.S. Trustee in violation of 18 U.S.C. § 157(1). In the written plea agreement, Defendant stated that he was pleading guilty to Counts 1, 6, 11 and 16 of the indictment because he was in fact guilty of the crimes charged in those counts.

Prior to accepting Defendant's guilty plea, the Court conducted a thorough plea colloquy pursuant to Rule 11 of the Federal Rule of Criminal Procedure. (February 14, 2008 Transcript ("Tr."), attached to the Government's Response As Ex. 1.) The Court asked specific questions to determine Defendant's competency to plead guilty and to ensure that Defendant understood the plea agreement, had had a full opportunity to discuss the agreement with his counsel and that Defendant's plea was entirely voluntary. Following the colloquy, Defendant pled guilty to Counts 1, 6, 11 and 16, and the Court accepted the plea. The Court found that a sufficient factual basis existed for the plea, Defendant was knowledgeable about the terms and conditions of the plea and the plea agreement, and the plea was freely and voluntarily rendered. (Tr. at 30.)

Over two months after pleading guilty to Counts 1, 6, 11 and 16, Defendant changed his counsel. In June 2008, Defendant's new counsel moved for a competency evaluation and hearing on the basis that counsel was having difficulty preparing Defendant for sentencing. The motion for a competency evaluation was granted, and on August 18, 2008, Dr. Ron J. Nieberding issued to the Court a competency report regarding Defendant. On September 9, 2008 (seven months after the entry of his plea), Defendant filed the present motion through his new counsel to withdraw his guilty plea.

## ANALYSIS

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty after the court accepts the plea but prior to sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). However, representations made at a Rule 11 plea colloquy are given a presumption of verity. *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002). Further, after a thorough Rule 11 colloquy, "defendants face an uphill battle in demonstrating a fair and just reason." *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001).

Defendant contends he should be allowed to withdraw his plea because Dr. Nieberding diagnosed Defendant with various psychological problems. In particular, Defendant refers to an "apparent obsession" of Defendant "with issues related to Indeck Power and the injustice that company has foisted upon him." (Def. Mem. at 2.) According to Defendant, there is a "possibility that these psychological problems substantially affected the rationality of [Defendant's] decision-making process at the time of the guilty plea." (Def. Mem. at 5.)

Defendant's speculation that Defendant's decision-making might have been affected is not a fair and just reason to allow him to withdraw his plea. There is no evidence suggesting that Defendant's psychological obsession with his former employer had any impact on his decision to plead guilty to the various counts in the indictment. As the Government correctly notes, Defendant does not contend here that he is actually innocent of the charges to which he pled guilty, and the Court made an independent

3

assessment that Defendant's plea was voluntary and knowingly rendered.

Further, Dr. Nieberding directly addressed the psychological condition of the Defendant. (Nieberding Report, p. 10.) Dr. Nieberding noted that Defendant did have "a tendency to ruminate about perceived injustices." However, Dr. Nieberding found Defendant's preoccupation in this regard "serve[d] [the] very useful protective function" of allowing Defendant to focus on issues of perceived injustices and thereby avoid "dealing with the negative and potentially painful emotions related to his role in the alleged criminal activities, and the subsequent impact these choices had on himself and his family." (Nieberding Report, p. 10.) Dr. Nieberding did not find Defendant's psychological tendency to have an impact on Defendant's competency or to render him unable to understand the pertinent legal issues. Rather, Dr. Nieberding found, despite Defendant's psychological condition, that Defendant "appeared to possess a reasonable understanding of the issues related to the process of adjudication" and "appeared to possess the capacity to adequately assist his attorney." (Nieberding Report, p. 11.) There is no reason to suspect that Defendant's psychological condition prevented him from exercising volitional, knowing judgment on the morning of his plea colloquy or had an impact on his guilty plea.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Withdraw his Guilty Plea is denied.

Date: November 5, 2008

JOHN W. DARRAH
United States District Court Judge